UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DAVID C.,[1]

      Plaintiff,

v.

**MEMORANDUM OF LAW & ORDER**
Civil File No. 22-01954 (MJD/TNL)

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

      Defendant.

Clifford Michael Farrell, Manring & Farrell, and Edward C. Olson, Reitan Law Office, Counsel for Plaintiff.

Ana H. Voss, United States Attorney's Office, and James D. Sides and Tracey Wirmani, Social Security Administration, Counsel for Defendant.

**I.    INTRODUCTION**

This matter is before the Court on the parties' cross-Motions for Summary Judgment. (Docs. 14, 17.)

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in orders in Social Security matters.

1

## II.   RELEVANT FACTS

Plaintiff David C. filed an application for supplemental security income insurance benefits in July 2019.  (Admin. Rec. (Doc. 11) at 279-87.) This application alleged that Plaintiff became disabled on July 15, 1997, the day Plaintiff was born.  (Id. at 279.)  Plaintiff alleged disabling conditions including bipolar disorder, depression, anxiety, attention deficit hyperactivity disorder ("ADHD"), communication disorder, borderline intellectual functioning, Osgood Schlatter disease, chronic back pain, sleep apnea, and headaches.  (Id. at 295.)

An individual is considered disabled for purposes of Social Security disability benefits if he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A). In addition, an individual is disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  Id. § 1382c(a)(3)(B).  "[A] physical or mental impairment is an

2

impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Id. § 1382c(a)(3)(D).

The Commissioner has established a sequential, five-step evaluation process to determine whether an individual is disabled. 20 C.F.R. § 416.920(a)(4). At step one, the claimant must establish that he is not engaged in any "substantial gainful activity." Id. § 416.920(a)(4)(i). If he is not, the claimant must then establish that he has a severe medically determinable impairment or combination of impairments at step two. Id. § 416.920(a)(4)(ii). At step three the Commissioner must find that the claimant is disabled, if the claimant satisfies the first two steps and the claimant's impairment meets or is medically equal to one of the listings in 20 C.F.R. Part 404, Subpart P, App'x 1. Id. § 416.920(a)(4)(iii). If the claimant's impairment does not meet or is not medically equal to one of the listings, the evaluation proceeds to step four. The claimant then bears the burden of establishing his residual functional capacity ("RFC") and proving that he cannot perform any past relevant work. Id. § 416.920(a)(4)(iv); Young v. Apfel, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). If the claimant proves he is unable to perform any past relevant work, the burden shifts to the Commissioner to

establish at step five that the claimant can perform other work existing in a significant number of jobs in the national economy. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). If the claimant can perform such work, the Commissioner will find that the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(v).

Plaintiff's application for benefits was denied initially and on reconsideration. (Admin. Rec. at 201-05, 209-11.) In June 2021, an Administrative Law Judge ("ALJ") held a hearing on Plaintiff's application. Plaintiff testified at this hearing, accompanied by a non-attorney representative. (Id. at 131-60.) After the hearing, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since July 31, 2019, the date he applied for benefits. (Id. at 13.) The ALJ also found that Plaintiff had multiple severe impairments: back pain, sleep apnea, headaches, bipolar disorder, anxiety disorder, and ADHD. (Id.) The ALJ found, however, that Plaintiff's impairments did not meet or medically equal any listed impairments. (Id. at 14.) She then determined that Plaintiff had the capacity for work at the medium exertional levels, with some physical restrictions, and that he was limited to simple, routine tasks. (Id. at 16-17.) The ALJ also determined that Plaintiff "should not have interaction with the public" and "is limited to occasional

interaction with coworkers." (Id. at 17.) She found that Plaintiff could "tolerate training, taking instructions and have [sic] supervisory interactions with supervisors but is otherwise limited to occasional interaction with supervisors." (Id.) After thoroughly discussing Plaintiff's medical and mental-health records, the ALJ determined that there were jobs Plaintiff could perform in the national economy. (Id. at 26.) The ALJ thus concluded that Plaintiff was not disabled. (Id. at 27.) The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and this lawsuit followed. See 42 U.S.C. § 405(g) (providing for judicial review of final decisions of the Commissioner).

## III.    SUBSTANTIAL EVIDENCE SUPPORTS THE ALJ'S DETERMINATION THAT PLAINTIFF IS NOT DISABLED

The Court's review of the Commissioner's decision is limited to determining whether that decision is "supported by substantial evidence on the record as a whole." McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000). "Substantial evidence . . . is more than a mere scintilla." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (quotation omitted). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). This "threshold . . . is not high." Id. "If, after reviewing the record, the court finds it is possible to

5

draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, the court must affirm the [ALJ's] decision." Perks v. Astrue, 687 F.3d 1086, 1091 (8th Cir. 2012) (quotation omitted).

### A.  "Occasional" Interaction

Plaintiff challenges the ALJ's decision on only one ground.  He contends that the ALJ erred in not incorporating all of the restrictions the state agency psychologists imposed, despite finding those psychologists' opinions persuasive.  Plaintiff points specifically to the state agency psychologists' opinions that Plaintiff should be limited to brief and superficial contact with coworkers and supervisors and should have no contact with the public.  (Admin. Rec. at 175, 193.)

The ALJ found the opinions of these experts persuasive and consistent with the medical evidence in the record.  (Id. at 23.)  As noted above, however, the ALJ determined that Plaintiff could have "occasional" interaction with his coworkers, and "supervisory" and "occasional" interactions with his supervisors.  (Id. at 17.)  The ALJ agreed that Plaintiff should not have any interaction with the public.  (Id.)

6

Plaintiff asserts that there is a substantive difference between "superficial" and "occasional," and that it was erroneous for the ALJ to find that Plaintiff could have occasional interactions with coworkers and supervisors when the state agency psychologists limited him to superficial interactions. Plaintiff relies on several decisions holding that "superficial" and "occasional" are not the same limitation. E.g., Watson v. Kijakazi, No. 21-CV-120-WMC, 2022 WL 325586, at *4 (W.D. Wis. Feb. 3, 2022) ("'occasional' . . . refer[s] to the quantity of time spent with individuals, whereas 'superficial' refers to the quality of the interactions"); Eden v. Comm'r of Soc. Sec., No. 18-CV-0076-LTS-KEM, 2019 WL 7666532, at *2 (N.D. Iowa June 6, 2019) ("As other courts have recognized, 'occasional' and 'superficial' are not coterminous.") (quotation omitted).

The ALJ's determination that the state agency psychologists' opinions were persuasive, however, does not require her to adopt every limitation in those opinions. The ALJ is entitled—indeed, she is obligated—to determine Plaintiff's limitations for herself. 20 C.F.R. § 404.1546(c); see also Mark S. v. Saul, No. 18-CV-02936-HB, 2020 WL 1043795, at *7 (D. Minn. Mar. 4, 2020) ("The ALJ is responsible for assessing a claimant's RFC."). A finding that Plaintiff was limited to "superficial" interactions would be contrary to the ALJ's discussion of

7

Plaintiff's functional capacity. She noted specifically that Plaintiff helped to train new employees at his grocery-store job, something that would obviously require more than superficial interactions with those coworkers. (Id. at 21-22.) She also highlighted that Plaintiff was "having positive interactions with his coworkers," noting that he testified that he "loved his coworkers and they said he was really good at helping out when they needed it." (Id. at 17, 22.) Plaintiff also testified that he was friends with his boss. (Id. at 18.) And he told two different mental-health providers that he was considering applying for a management position at the grocery store. (Id. at 22.)

However, as Plaintiff argues, the ALJ found the agency psychologists' opinions persuasive, explicitly noting that these psychologists recommended "superficial" contact with coworkers and supervisors. (Id. at 24.) According to Plaintiff, the ALJ's failure to explain why she determined that Plaintiff could have "occasional" contact rather than "superficial" contact warrants remand. But "an ALJ is not required to adopt all limitations proposed by Plaintiff's healthcare providers—even if the ALJ has accorded that provider's opinion substantial weight." Mark S., 2020 WL 1043795, at *6; Nevills v. Kijakazi, No. 4:21 CV 297 RWS, 2022 WL 2168795, at *4 (E.D. Mo. June 16, 2022) (holding that

8

although the ALJ found the opinion of an impartial medical expert "overall 'very persuasive,'" the ALJ was not required to adopt every one of the medical expert's findings) (citing Martise v. Astrue, 641 F.3d 909, 927 (8th Cir. 2011) (holding that in formulating a claimant's RFC, an ALJ is not required to rely entirely on a particular physician's opinion) (quotation omitted)).  The RFC must be "based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations."  Myers v. Colvin, 721 F.3d 521, 527 (8th Cir. 2013).  As addressed above, the ALJ properly relied on other evidence in the record, including Plaintiff's own statements regarding his ability to interact with coworkers and supervisors, in determining that he could have occasional contact with these individuals.  Her determination is supported by substantial evidence in the record.

### B. Conclusion

Substantial evidence supports the ALJ's determination that Plaintiff is not disabled.

Accordingly, based on all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED:**

(1)  Plaintiff's Motion for Summary Judgment **[Doc. 14]** is **DENIED**;

(2)  Defendant's Motion for Summary Judgment **[Doc. 17]** is **GRANTED**; and

(3)  This matter is **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:  August 18, 2023

s/Michael J. Davis  
Michael J. Davis  
United States District Court